```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                       CENTRAL DIVISION AT LONDON
```

CATHERINE GILLIAM,            )
                              )
     Plaintiff,               ) Action No. 6:14-cv-00093-JMH
                              )
v.                            )
                              ) **MEMORANDUM OPINION AND ORDER**
CAROLYN W. COLVIN,            )
Acting Commissioner of        )
Social Security               )
                              )
     Defendant.               )

                   **    **    **    **    **

This matter is before the Court on the parties' cross-Motions for Summary Judgment (DE 14, 15) on Plaintiff's appeal of the Commissioner's denial of her application for disability insurance benefits.[1] The matter having been fully briefed by the parties is now ripe for this Court's review.

**I.   Overview of the Process and the Instant Matter**

In determining whether an individual is disabled, an Administrative Law Judge ("ALJ") uses a five step analysis:

> 1. An individual who is working and engaging in substantial gainful activity is not disabled, regardless of the claimant's medical condition.
>
> 2. An individual who is working but does not have a "severe" impairment which significantly limits his physical or mental ability to do basic work activities is not disabled.

---

[1] These are not traditional Rule 56 motions for summary judgment. Rather, it is a procedural device by which the parties bring the administrative record before the Court.

    3. If an individual is not working and has a severe impairment which "meets the duration requirement and is listed in appendix 1 or equal to a listed impairment(s)", then he is disabled regardless of other factors.

    4. If a decision cannot be reached based on current work activity and medical facts alone, and the claimant has a severe impairment, then the Secretary reviews the claimant's residual functional capacity and the physical and mental demands of the claimant's previous work. If the claimant is able to continue to do this previous work, then he is not disabled.

    5. If the claimant cannot do any work he did in the past because of a severe impairment, then the Secretary considers his residual functional capacity, age, education, and past work experience to see if he can do other work. If he cannot, the claimant is disabled.

*Preslar v. Sec'y of Health & Hum. Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994)(citing 20 C.F.R. § 404.1520(1982)).

**II.**

In November 2011, Plaintiff filed applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), alleging disability beginning October 28, 2011 (Tr. 162, 169). An Administrative Law Judge ("ALJ") issued an unfavorable decision in January 2013 (Tr. 10-24). After Plaintiff asked the Appeals Council to review the ALJ's decision (Tr. 6), the Appeals Council declined Plaintiff's request for review (Tr. 1-5), making the ALJ's January 2013 decision the final agency decision for

purposes of judicial review. 20 C.F.R. §§ 404.981, 416.1481, 422.210(a). This appeal followed and the case is ripe for review pursuant to 42 U.S.C. § 405(g).

### III.

Plaintiff was 36 years old at the time she allegedly became disabled on October 28, 2011, and 37 years old as of the ALJ's administrative decision on January 13, 2014 (Tr. 20, 162). Plaintiff has the equivalent of a high school education (GED) (Tr. 207), and had previously worked as a seamstress (Tr. 57, 193). In her application materials, Plaintiff alleged she is unable to work due to Crohn's Disease and Hepatitis C (Tr. 207).

Plaintiff's appeal focuses on her mental health and how it limits her ability to work. Accordingly, the Court addresses only the medical records relevant to that inquiry. Mary Ann Domingo, M.D., assessed Plaintiff with bipolar disorder in May 2004 (Tr. 419), but Plaintiff does not claim disability based on that disorder. In fact, there are no other records related to her mental health status or treatment in the administrative record from that time until 2012. In the interim, medical records from the 2011-2012 time frame, not specific to medical health treatment, reflect that she was oriented with respect to time, place, person, and situation and that she displayed appropriate mood and affect. (Tr. 294, 304, 527. 531, 535, 557, 562).

Plaintiff was seen by Michele Amburgey, M.A., for a psychological evaluation in late November 2012 (Tr. 587-592) at the suggestion of counsel.[2] Plaintiff reported her chief complaints to be physical in nature but did report that she had problems with depression and anxiety (Tr. 588). Plaintiff continued to be oriented in all spheres. She reported being depressed because she was sick and that she was very anxious because of her bills. Ms. Amburgey assessed Plaintiff with posttraumatic stress disorder, recurrent and moderate major depression, anxiety disorder NOS, and a history of polysubstance abuse and opined that Plaintiff would be able to follow through with simple but not complex instructions (Tr. 591). Ms. Amburgey opined that Plaintiff would not be a dependable employee due to her preoccupation with her frequent need to go the bathroom. Finally, Ms. Amburgey opined that placing Plaintiff in a public

---

[2] It is not clear whether the ALJ had the benefit of this report at the time of the hearing convened at 10:01 a.m. on December 13, 2012. Based on the documents in the record, it appears that Plaintiff's counsel sent the report to the Office of Disability Adjudication and Review at 9:24 p.m. on December 12, 2012. There is no reference to it or Ms. Amburgey's opinion in the course of the hearing, nor did the ALJ reference it in his decision dated January 14, 2013. Plaintiff has not complained that it was not included and should have been. Defendant has not complained that it was unavailable and should not now be considered. The Court notes that Ms. Amburgey is not considered a treating medical source and, thus, the ALJ would not have to provide the same type of apology for the weight given to the opinion as if he had failed to account for the lack of weight given to a treating medical source. *See* 20 C.F.R. 404.1527(c)-(e). In light of the ALJ's statement that his findings of fact and conclusions of law were reached "[a]fter careful consideration of the entire record" (Tr. 12), the Court will presume that he considered Ms. Amburgey's report in the absence of any suggestion to the contrary.

4

setting or having slight expectations of her would likely exacerbate her symptoms (Tr. 592).

At the hearing, Plaintiff testified as to specifics of her work history including the nature of the job and the amount of weight lifted (Tr. 31-32). She also testified that she attended three semesters of college (Tr. 31), and quit her last job in October 2011 because she was "sick" from stomach pains and diarrhea (Tr. 33-34). She said that the primary reason she was no longer able to work was because she had "bad bowels" and "could not stay out of the bathroom long enough." (Tr. 34). She said that she is on a restricted diet (Tr. 41). She said that she takes prescription medication for recently diagnosed fibromyalgia (Tr. 41, 43). She testified that she had started receiving treatment for obsessive-compulsive disorder the previous week but had been subject to the condition "for years" (Tr. 44). She testified that she spent her days laying on the couch watching television and that her husband helped her with the housework (Tr. 45). She said that she also goes fishing (Tr. 46). She testified that she smokes one pack of cigarettes per day and is able to care for her own personal care (Tr. 47). She said that she was an alcoholic but had been not been drinking for more than three years (Tr. 51).

A vocational expert, Christopher Rymond, testified at the December 2012 administrative hearing (Tr. 57-61). The vocational expert testified that Plaintiff's past work as a seamstress was of

5

light exertion and semi-skilled (Tr. 57-58). The ALJ asked the vocational expert to assume a hypothetical individual of Plaintiff's age, education, and work experience with limitations the same as those ultimately determined by the ALJ to be those of the Plaintiff (Tr. 58-59; see Tr. 16-17; Finding No. 5). The vocational expert testified that such an individual could not perform Plaintiff's past work as it was production job but could perform the medium exertion unskilled job of packager/sorter that was low stress and not a production job (Tr. 59-60). Finally, the vocational expert testified that his testimony was consistent with the DOT (Tr. 57).

After a careful review of the record, the ALJ found that Plaintiff had severe impairments (Tr. 12; Finding No. 3), including gastrointestinal disorder such as irritable bowel syndrome, history of alcohol abuse, and hepatitis C.  He also concluded Plaintiff's medically determinable mental impairment causes no more than "mild" limitation with respect to daily living, social functioning, or concentration, persistence, or pace, and that there were no episodes of extended duration of decompensation, and that her mental impairment was "nonsevere" (Tr. 15).  Ultimately, he concluded that Plaintiff's complaints of disabling limitations were not entirely credible (Tr. 18) and that Plaintiff had the residual functional capacity to do work at the medium level of exertion with specific nonexertional limitations (Tr. 16-17;

Finding No. 5), including working "best in a low stress nonproduction job" (Tr. 17). After soliciting testimony from a vocational expert, the ALJ relied on Plaintiff's continuing capacity for performing work existing in significant numbers in the national economy in finding that she was not disabled under the Act (Tr. 19-20; Finding Nos. 10, 11).

## IV.

When reviewing a decision made by the ALJ, the Court may not "'try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility.'" *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012) (quoting *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). "The ALJ's findings are conclusive as long as they are supported by substantial evidence." 42 U.S.C. § 405(g); *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001) (citations omitted). Substantial evidence "means such relevant evidence as a reasonable mind might accept." *Foster*, 279 F.3d at 353.

## V.

Plaintiff presents a narrow challenge to the ALJ's decision, arguing that the ALJ erred when he mechanically applied the vocational guidelines and concluded that she was not disabled. She argues that the ALJ failed to account for limitations arising from PTSD, major depression, and anxiety order, as assessed by Ms. Amburgey, in crafting a residual functional capacity statement and soliciting testimony from the vocational expert about jobs that

7

she could do with the limitations that stemmed from these conditions.

Contrary to Plaintiff's argument, the residual functional capacity assessed by the ALJ and, in turn, the hypothetical question posed to the vocational expert based on that statement of residual functional capacity, provide a nuanced portrait of Plaintiff and account for the nonexertional limitations of which she complains. Specifically, based on the testimony of Plaintiff and, even though not explicitly stated, in keeping with the assessment of Ms. Amburgey, the ALJ queried whether there were jobs available requiring medium work and limited to, among other things, "a low stress non production job" (Tr. 16-17; Finding No. 5).

Thus, the ALJ provided a very detailed residual functional capacity finding that included limitations that would account for Plaintiff's alleged mental condition and presented and relied upon a hypothetical to the vocational expert that assumed those limitations in crafting his decision in this matter. Even if the evidence concerning her mental health is open to another interpretation that would favor her claim – an interpretation and specific limitations which Plaintiff fails to specify in her brief – the Court declines to reweigh the evidence or remand this matter for a reformulation of the statement or the hypothetical. *See Ulman*, 693 F.3d at 714; *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d

591, 595 (6th Cir. 2005) ("The substantial evidence standard is met if a reasonable mind might accept the relevant evidence as adequate to support a conclusion.") (internal citations omitted); *Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996).

The vocational expert's response to the ALJ's hypothetical question that included Plaintiff's credible limitations constitutes substantial evidence in support of the ALJ's finding that there were jobs in the national economy that Plaintiff could perform (Tr. 19; Finding No. 10; see Tr. 58-60). As the Commissioner's decision denying benefits is supported by substantial evidence, the Court affirms the decision. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004) ("[T]he Commissioner may rely on the testimony of a vocational expert to find that the claimant possesses the capacity to perform other substantial gainful activity that exists in the national economy.").

## VI.

For all of the reasons set forth above, **IT IS ORDERED**:

1) that Plaintiff's Motion for Summary Judgment (DE 14) is **DENIED** and

2) that Defendant's Motion for Summary Judgment (DE 15) is **GRANTED**.

This the 1st day of October, 2015.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge